IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**NICHOLAS ANDRE HAULCOMB,**
**#280588/249168,**                                :

    **Plaintiff,**                                     :

**vs.**                                                              :            **CIVIL ACTION 18-0030-KD-N**

**SAM COCHRAN,** *et al.,*                      :

    **Defendants.**                               :


**REPORT AND RECOMMENDATION**

This action is before the Court on plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction ("motion"),[1] which the Court is treating as a motion for a temporary restraining order due to the absence of a certificate of service reflecting that plaintiff served his motion on defendants or their counsel. (Doc. 30). This motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that the motion be denied.

**I. Applicable Law.**

The primary purpose of a temporary restraining order or a preliminary injunction is to maintain the *status quo* of the parties until there is a trial on the merits. *University*

---

[1] Plaintiff is a Mobile County Metro Jail ("Metro") inmate who is proceeding *pro se* in this § 1983 action, in which he is challenging the conditions of confinement at Metro and the adequacy of the medical care he has received there. (Doc. 1). In particular, he complains about the lack of sanitation and the infections he received from the lack of sanitary conditions, especially when he had open wounds. The defendants to the complaint are: Mobile County Sheriff Sam Cochran, Deputy Warden Trey Oliver, Naph Care Health Services, Lieutenant Wilcox, Sergeant Kennington, and Sergeant A. Durgan. (*Id.* at 5-6, 13-21).

*of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). "[A] preliminary injunction is an extraordinary and drastic remedy[,]" which will not be granted unless the movant carries the burden of persuasion as to all the four prerequisites. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985) (citation and quotations marks omitted). To prevail on a request for injunctive relief, the movant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

Id. Moreover, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

**II. The Motion.**

In the present motion, signed under penalty of perjury, plaintiff alleges that on July 16, 2018, he filed a grievance with jail officials because he feared for his safety due to the past acts of Officer Cleveland, (who is mentioned in the complaint). (Doc. 30 at 2). These past acts were not described in his motion, nor was a basis for his fear. On that date, he was placed in administrative segregation for his protection by jail officials. (*Id.*). But he claims that administrative segregation is a hostile environment with inadequate security in that inmates can pick locks and get into cells, which he has seen done in addition to the resulting assaults. (*Id.* at 2). He has asked for solitary confinement because he fears for his safety due to retaliation for filing two § 1983 actions and a grievance containing issues aggrieved in the present complaint. (*Id.*).

2

Plaintiff complains that his time to access his legal materials (i.e., his personal law books, paper, pens, and legal mail) is limited by jail officials to sixty minutes, which is shortened due to the unavailability of guards to assist him in the retrieval of his legal materials or by having to shower or to clean his cell during that time. (*Id.* at 2-3). Furthermore, the jail policy prohibits his writing or contacting his family while in administrative segregation, so he may tell them that he fears "for his safety from all inmates in [Metro] due to retaliation from officers paying offenders to assault offenders for filing grievances on them." (*Id.*). Plaintiff complains that his present "living condition" is "unsafe/unsanitary," which "could possibly lead to future health problems due to [the] unsanitary living conditions [of][:] 1) stagnant sewage water running from cells[sic] walls into plaintiff['s] cell[;] 2) black mold growing on cell walls and cracks [sic] growing on door frame[;] [and] 3) [the] shower [being] full of black mold." (*Id.* at 3-4). He also has no access to a bottom bunk which forces him to sleep on the floor because he cannot access the five-foot-high, top bunk due to the lack of a ladder. (*Id.* at 4).

Plaintiff's injunctive relief request is for (1) "full access to his legal material 24/7" in order to prosecute his civil litigation, and (2) placement in a single-man cell, known as a "quiet cell in [the] 900 area of jail out of [the] hostile environment and unsanitary unsafe living conditions," and access to the telephone and personal mail. (*Id.* at 4-5). He alleges that the failure to grant his requests will cause him irreparable injury. (*Id.* at 4). In addition, plaintiff contends that he "will likely prevail on the merits once a discovery process is initiated" and the granting of this motion would involve "no major risk to the control[l]ing entity here at [Metro] and will serve the public interest for [the]

3

administration to obey the law especially the Constitution."[2]  (*Id.* at 5).  No supporting facts were connected to his restatement of the prerequisites for granting injunctive relief.

**III. Analysis.**

Plaintiff mentions the four prerequisites for a temporary restraining order to issue. He does not support these elements with adequate information to satisfy his burden of persuasion, however.  Plaintiff conclusorily argues that all four elements are or will be satisfied.  The Court's findings, however, are to the contrary.  Examining one element that plaintiff must satisfy - whether plaintiff will suffer irreparable injury unless the injunction issues – reflects that he has not met his burden of persuasion.

In his motion plaintiff does not identify a specific injury, much less an irreparable injury, from which he will suffer if injunctive relief does not issue.  Plaintiff merely states, in a very general manner, that he needs access to his legal materials "24/7" in order to prosecute his civil litigation.  No injury related to inadequate access to courts is identified.  Moreover, it would be difficult to show an injury with respect to this particular action as plaintiff is actively litigating it by filing documents with legal citations germane to his position.

In *Lewis v.* Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996), to which plaintiff refers, the Court made clear that the decision in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), "did not create an abstract, freestanding right to a law library or legal assistance[.]"  *Lewis*, 518 U.S. at 351, 116

---

[2] Plaintiff indicates that it is in the public's interest for the administration to obey the law. If plaintiff intended to request an injunction ordering defendants to obey the law, "an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible." *Elend v. Basham*, 471 F.3d 1199, 1210 (11th Cir. 2006).

S.Ct. at 2180.  Law libraries and legal assistance programs were held by the *Lewis* Court not to be ends themselves, "but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Id.*  Thus, the *Lewis* Court held that to state a denial-of-access-to-courts claim, an inmate must show that he sustained an actual injury by showing that he was frustrated or impeded in attacking his conviction, directly or collaterally, or in a civil rights action challenging his conditions of confinement.  *Id.* at 351-52, 116 S.Ct. at 2180.  The inmate must further show that the underlying claim that he was advancing was a non-frivolous claim.  *Lewis*, 518 U.S. at 353, 116 S.Ct. at 2181.  This underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  *Christopher v. Harbury*, 536 U.S. 403, 415-16, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002).  The inability to show that the lack of access frustrated efforts to pursue a non-frivolous legal claim prevents an inmate from having standing to challenge the policy or practice in question.  *Lewis*, 518 U.S. at 352–54, 116 S.Ct. at 2181.

    In the original complaint, plaintiff did not bring an access-to-courts claim.  (Doc. 1).  Therefore, the only allegations before the Court concerning his access to courts are contained in his motion, which are few and lacking in specificity.  That is, a particular action is not identified, its non-frivolous nature is not described, and the exact impediment by a named defendant to litigate the specific action is not described.  Moreover, the Court's record does contain any evidence showing that plaintiff has not been impeded in pursuing a claim in this Court or any court.  A claim, therefore, has not been stated for a denial of access-to-courts, and plaintiff has not borne his burden of

5

persuasion showing that he will suffer an imminent, irreparable injury if injunctive relief does not issue.

With respect to his next request - to be transferred to a one-man cell (protective custody), this request appears to be based on his allegations in his motion for lack of physical security, sanitation, and safety.  However, an irreparable injury is not described as being connected to these conditions, much less an imminent injury.  In fact, he merely states that the unsanitary conditions of his cell could *possibly* lead to *future* health problems, which conveys no immediacy.  (Doc. 30 at 3).  Moreover, jail officials are "'accorded the widest possible deference' in classifying prisoners' custodial status as necessary 'to maintain security and preserve internal order.'" *Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009); *see Smith v. Lamberti*, 2011 WL 529920, at *1 (S.D. Fla. 2011).   "[P]reserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979).  Because "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions[, p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547, 99 S.Ct. at 1878.  Thus, courts ordinarily defer to and do not disturb the decisions of correctional officials in their placement of inmates within the institution.  Accordingly, the Court finds that plaintiff has not borne his burden of persuasion, with respect to his request to be

moved to a protective custody cell, in that he has not shown that he will suffer an imminent, irreparable injury if injunctive relief does not issue.

Another aspect of this request is that plaintiff mentions that in administrative segregation he does not have access to the telephone and personal mail.  These allegations are not connected to a request for injunctive relief, unless the Court were to deduce that in protective custody, plaintiff would have this desired access.  The Court, however, cannot make this deduction as it does not know if that is accurate.  Plaintiff merely makes these conclusory references with no supporting facts.  Nor does plaintiff connect to these allegations an allegation that he will suffer an irreparable injury.

With respect to these First Amendment claims, plaintiff "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974).  Thus, a court may review an action or regulation that may impinge on an inmate's First Amendment rights to determine if the action or regulation is constitutional.  *See Turner v. Safley,* 482 U.S. 78, 87, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) (a regulation that burdens fundamental rights is constitutional if it is "reasonably related" to legitimate penological objectives).  However, no facts are offered to support his conclusory assertion of lack of access to the telephone or personal mail.  Thus, no claim is stated.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007) (allegations must show plausibility to avoid dismissal for failure to state a claim upon which relief can be granted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Considering that an imminent, irreparable injury is not connected to the lack of access to the telephone and personal mail, plaintiff has failed to show that he will suffer an imminent, irreparable injury connected to these allegations.

### IV. Conclusion.

Because the Court finds that plaintiff has not met his burden of persuasion in regard to one prerequisite for injunctive relief to issue, the Court will not address the remaining elements inasmuch as plaintiff bears the burden of persuasion on all four elements. *United States v. Jefferson Cty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor – suffering irreparable harm). Because plaintiff failed to meet his burden on one element, plaintiff's motion for a temporary restraining order is due to be denied.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

        **DONE** and **ORDERED** this 22nd    day of August, 2018.

                                    /s/ Katherine P. Nelson

                                    **UNITED STATES MAGISTRATE JUDGE**