IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS ANDRE HAULCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 18-00030-KD-N |
| ) | |
| SHERIFF SAM COCHRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on *sua sponte* review of Plaintiff's Amended and Supplemental Complaint (doc. 52). Upon consideration and for the reasons set forth herein, the Complaint is **STRICKEN**.

Plaintiff filed his initial *pro se* complaint on January 24, 2018 (doc. 1). He brought claims for cruel and unusual punishment, unsanitary and unsafe living conditions, and inadequate health care pursuant to 42 U.S.C. § 1983 against Sheriff Sam Cochran, Warden Trey Oliver, Sergeant Kennington, A. Durgan, Lieutenant Wilcox, and Naphcare Health Services. Plaintiff moved to amend his complaint to correct certain misnomers and the motion was granted (doc. 12). The Magistrate Judge stated as follows:

III. Motions to Correct the Complaint

Haulcomb's motions to correct various errors in the complaint (see Docs. 4, 11) are GRANTED, such that the complaint (Doc. 1) is amended as follows:

> 1. Defendant #2's name is corrected to be "Trey Oliver III," and Defendant #6's name is corrected to be "A. Durgan;"
> 2. The attachment to the complaint labeled "Defendant #2 supporting facts" shall be deemed to refer to Defendant Oliver, rather than Defendant Cochran; and
> 3. The address for serving the defendants at Mobile Metro Jail has

been updated.

(Doc. 12, p. 5). Plaintiff was not ordered to file an amended complaint to reflect these corrections.

Defendant Naphcare filed its answer and special report on July 23, 2018 (docs. 25, 27). The remaining Defendants filed their answer and special report on August 6, 2018 (docs. 33, 34). On August 22, 2018, the Magistrate Judge entered an order converting the answers and special reports into a motion for summary judgment and set a briefing schedule (doc. 38). On August 30, 2018, Plaintiff's retained counsel filed a notice of appearance (doc. 43). Plaintiff's motion for a thirty-day extension of time to respond to the motion for summary judgment was granted (docs. 44, 45).

Plaintiff then filed a *pro se* motion to amend the complaint. On September 12, 2018, the motion was denied on basis that the Court does not accept *pro se* filings from a party who is represented by counsel (doc. 48). The Magistrate Judge stated that the denial was "without prejudice to Haulcomb's ability to seek the same relief through a motion filed by his counsel of record." (Id.) Soon thereafter, Plaintiff, through his counsel, filed an Amended and Supplemental Complaint (doc. 52). The Complaint adds thirteen new individual defendants including correctional officers and employees of Naphcare, in their individual and official capacities, claims under the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments, claims of "neglect, carelessness, and/or unskillfulness", and spoliatiowithn of evidence (doc. 52). However, counsel did not file a motion for leave to amend the complaint.

Plaintiff has previously amended his complaint, thus, at this stage of the litigation, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff did not provide the Court with the Defendants' written

consent. Plaintiff did not file a motion for leave to amend his complaint; therefore, he did not obtain leave of court. Because Plaintiff failed to comply with Rule 15(a)(2), the Amended Complaint is STRICKEN.

DONE and ORDERED this the 29th day of October 2018.

 s/ Kristi K. DuBose
**KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE**