IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS HAULCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-00030-KD-N |
| ) | |
| SAM COCHRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

This action is before the Court on Plaintiff Nicholas Haulcomb's Motion for Leave to Amend Complaint, Plaintiff's Motion to Supplement the Record [and his Complaint] by Inclusion of Affidavits, Defendant NaphCare, Inc.'s response in opposition, Defendant Sam Cochran and the Correctional Officers' response in opposition, Plaintiff's second Motion to Supplement Record by Inclusion of Affidavits, and Defendant NaphCare's response in opposition (docs. 57, 62, 64, 66, 70, 72).[1]

Upon consideration, and for the reasons set forth herein, the motion is **GRANTED in part and DENIED in part.** Accordingly, **Plaintiff shall file on or before January 14, 2019, an Amended Complaint which conforms with this Court's order**. Defendants shall file their answer or other response, on or before **January 28, 2019.** The newly added Defendants shall file their answer or other response in accord with S.D. Ala. Local Rule 15(c) ("The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.") and Fed. R. Civ. P. 12(a)

---

[1] The Court has now ruled on Plaintiff's Motion for Leave to Amend. Therefore, the Motion for Reconsideration of Order to Strike is MOOT (doc. 56).

(setting the time period within which to file an answer or other response).

    A.  <u>Standard of review</u>

At this stage in the litigation, and absent Defendant's written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *Donley v. City of Morrow, Georgia,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Since futility is a factor for the Court to consider, it "may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh,* 416 Fed.Appx. 841, 844 (11th Cir. 2011); *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (if the proposed amended complaint could not survive scrutiny under Rule 12(b)(6), then allowing the amendment would be futile and the motion for leave to amend should be denied); *Hatcher v. Alabama Dep't of Human Services*, - - - Fed. Appx. - - -, 2018 WL 4151171, at *2 (11th Cir. Aug. 29, 2018) ("'a district

court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal'....") (citations omitted).

To reach a decision, the Court must accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Nunez v. J.P. Morgan Chase Bank*, 2016 WL 1612832, at *1 (11th Cir. Apr. 22, 2016) (quoting *Ironworkers Local Union 68 v. AstraZeneca Pharm.*, LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). "Even when assertions in a complaint are arguably ambiguous, they should be construed in the light most favorable to the plaintiff." *Id*. (citing *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1083–84 (11th Cir.2002). "To survive a motion to dismiss, a complaint need only contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face' and must 'raise a right to relief above the speculative level.'" *Id.,* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. When applying the standard for a motion to dismiss, the court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted).

B. <u>Analysis</u>

1. <u>The proposed amended complaint</u>

Plaintiffs' motion for leave to amend his complaint does not comply with S.D. Ala. Civil

Local Rule 15 ("Amended and supplemental pleadings"). Specifically, Plaintiff did not specifically set out the proposed amendments in his motion and he did not attach a copy of the proposed amended complaint. S.D. Ala. Civ. L.R. 15(b). However, Plaintiff previously filed an amended complaint which was stricken (doc. 52). Now, Plaintiff moves the Court to reconsider the order to strike and allow him to file this amended complaint (docs. 54, 56). Apparently, the amended complaint (doc. 52) is the proposed amended complaint, which Plaintiff seeks leave of court to file.

For purposes of this Order, the Court will consider the stricken amended complaint as the proposed amended complaint.[2] Comparison of the complaint and the proposed amended complaint shows that Plaintiff seeks to add numerous factual allegations, two new claims for relief, thirteen new defendants, and unspecified claims on behalf of numerous other inmates at the Metro Jail.

2. <u>Amendments to pleadings after the motion for summary judgment has been filed</u>

Defendants point out that dispositive motions have been filed. They argue that Plaintiff should not be allowed to avoid his obligation to respond to the motion for summary judgment by filing a motion for leave to amend the complaint.

Plaintiff filed his *pro se* complaint on January 24, 2018 (doc. 1). Within two days, Plaintiff moved to amend to correct an address and to clarify that he improperly identified Sheriff Cochran as Defendant # 2 instead of Warden Oliver. The amendment was allowed (doc. 12). Plaintiff proceeded *pro se* until after the answer and special report were converted to a motion for summary judgment. On August 30, 2018, counsel filed a notice of appearance and requested additional time to respond to the motion. Plaintiff was granted thirty days. During that

---

[2] Defendants have also made this assumption (doc. 64, p. 2).

time period, Plaintiff filed a *pro se* motion for leave to amend his complaint, which was stricken on basis that he was now represented by counsel. Plaintiff through counsel then filed an amended complaint, which was stricken on basis that he did not move for leave to amend and therefore, had not obtained leave of court. Plaintiff through counsel filed the instant motion for leave to amend.

Although the motion for leave to amend was filed after the motion for summary judgment, the Court finds that Plaintiff should be given at least one opportunity to amend his complaint before it is subject to dismissal with prejudice. *See Bryan v. Dupree,* 252 F. 3d 1161, 1163 (11th Cir. 2001). The Court is aware that Plaintiff already amended his complaint once. However, allowing those minor amendments – to correct an address and a name - does not foreclose this opportunity to amend the complaint in the face of possible dismissal if a dispositive motion should be granted in Defendant's favor. Moreover, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Therefore, Defendants' argument that Plaintiff should not be allowed to amend his complaint to avoid responding to the motion for summary judgment does not provide a basis to deny Plaintiff's motion for leave to amend.

    3. <u>Impermissible shotgun pleading</u>

Defendants argue that the proposed amended complaint is an impermissible shotgun pleading and leave to amend should be denied on that basis. They assert that Plaintiff did not allege what specific conduct supports each claim and did not allege how each defendant is responsible for the alleged constitutional violations or medical negligence. Defendants point out that Plaintiff makes it impossible to determine which allegations are directed to which claim because he incorporates by reference all 200 plus preceding paragraphs, into each count, as well

as incorporating each count into the next. Defendants also point out that many paragraphs contain irrelevant allegations and legal arguments that are inappropriate in a complaint.

The Middle District of Alabama recently explained the types of shotgun pleadings, as follows:

> A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must also "state [the plaintiff's] claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).
>
>> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.
>
> *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also [Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))] (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests" [. . . ]).
>
> "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,' " and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief"; and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321.

6

*Zaunich v. Hankook Tire America Corporation*, 2018 WL 6709466, at *2 (M.D. Ala. Dec. 20, 2018) (slip copy).

Despite the fact that the amended complaint is a disfavored shotgun pleading, the Court finds that denying the motion for leave to amend on this basis is not appropriate at this time. The Court has denied in part Plaintiff's motion for leave to amend his complaint and ordered Plaintiff to file an amended complaint which will conform to this order. Having brought the inappropriateness of shotgun pleading to Plaintiff's counsel's attention, the Court expects that Plaintiff's amended complaint will not fall under any of the four types of shotgun pleadings.

4. Futility of amendment

a. Claims on behalf of other detainees

In the section labeled "Parties", Plaintiff alleges that "[t]his complaint is being filed not just for the benefit of one detainee but for the benefit of all the detainees and prisoners currently being held in the Mobile County Metro Jail" (doc. 52, ¶ 9) (underlining in original).[3] He refers to "all the detainees and prisoners who have bravely come forward to verify these allegations presented here as being true and accurate." (Id.).

Defendants argue that allowing Plaintiff to amend his complaint to bring claims on behalf of other detainees would be futile because he does not have standing to do so. Defendants argue

---

[3] Plaintiff alleges that a male inmate was beaten by other inmates (doc. 52, ¶ 13, 158-160) and another male inmate was given an excessive bond (¶ 14). With regard to female inmates, Plaintiff alleges that male correctional officers watch female inmates particularly while showering, etc. (¶ 35-40). He also raises allegations regarding the general conditions in the women's section such as overcrowding, clogged toilets, no sanitary products, unsafe drinking water, etc.; an overweight homosexual female correctional officer who beats male and female inmates; two female correctional officers beating a partially deaf female inmate; placing a female inmate in a cell with a known violent female inmate (¶ 41-48); "display cells" which are shown to the grand jury instead of the "real jail" cells (¶ 49); allegations of generalized racial favoritism (¶ 50-52); and conditions in the jail's infirmary (¶ 78).

that the Court of Appeals for the Eleventh Circuit recognized in *Knight v. State of Alabama,* 14 F. 3d 1534 (11th Cir. 1994) that the Supreme Court's limitations on standing to require that parties assert only their own rights and not the rights of other.

In *Knight,* the Eleventh Circuit explained that "[i]n addition to Article III's standing requirements [an actual case or controversy], the Supreme Court has imposed non-constitutional limits on standing to sue. One such prudential limitation is the requirement that parties assert only their own right and not those of others." *Id*. at 1554.[4] Plaintiff appears to assert violations of constitutional rights on behalf of numerous detainees and inmates at the Metro Jail. Thus, to the extent that Plaintiff seeks to assert their rights, he lacks standing, and the motion for leave to amend is DENIED in part.[5] *See Calhoun v. Bentley*, 2017 WL 1074361, at *6 (M.D. Ala. Feb. 3, 2017), *report and recommendation adopted*, 2017 WL 1086179 (M.D. Ala. Mar. 20, 2017) (finding that the "prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. With respect to the claims arising from alleged

---

[4] *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987) (internal citations omitted) ("The Supreme Court has also stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as 'prudential' considerations .... Those considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties").

[5] The Eleventh Circuit identified an exception to this limitation "where (1) the relationship between the plaintiff and the third party is such that the plaintiff is nearly as effective a proponent of the third party's right as the third party itself, and (2) there is some obstacle to the third party asserting the right." *Knight,* 14 F. 3d at 1554. Nothing before the Court indicates that Plaintiff has a relationship with each of the numerous detainees or inmates for whom he has presented affidavits, statements, or petitions such that he would be nearly as effective a proponent of their rights. Nor is there any indication that any of these numerous detainees or inmates face an obstacle to asserting their own rights.

violations of other inmates' constitutional rights, Calhoun is not 'asserting [his] ... own legal rights and interests [but] rather ... the legal rights and interests of third parties.' [ ] These claims entitle Calhoun to no relief and summary judgment is due to be granted in favor of the defendants.") (internal citation omitted).  Accordingly, the allegations regarding other inmates and detainees should not be included in the amended complaint to be filed on or before January 14, 2019 (*see* footnote 3). [6]

Also, Plaintiff's motion to supplement[7] (doc. 62) is DENIED in part and GRANTED in part.  Plaintiff may supplement his complaint with the statement of Travone Williams with respect to the alleged events of August 5, 2017, which directly involve Plaintiff (doc. 62, p. 11).  The remaining affidavits, statements and petitions of all detainees or inmates attached thereto

---

[6] Defendants move pursuant to Rule 12(f) to strike certain paragraphs as immaterial or impertinent because they allege facts relevant to other inmates and detainees (doc. 64, p. 12-13; Doc. 52, ¶¶ 36, 37, 38, 39, 40, 41, 42, 43, 44, 41, 42, 43, 47, 48 (conditions in the women's section and homosexual guards), ¶¶ 158-160 (a non-party inmate assaulting another non-party inmate).  Since the Court has denied for lack of standing Plaintiff's motion for leave to amend with respect to the claims raised on behalf of other inmates and detainees, Defendant's motion is MOOT.

Defendants also move to strike Plaintiff's allegations that inmates and detainees are not screened for tuberculosis or other communicable disease. (Doc. 64, p. 13).  Plaintiff did not plead a specific Count based upon failure to screen. However, some courts have held that corrections officials may be required to take reasonable steps to protect inmates and detainees from contracting communicable diseases, and in certain circumstances, failure to do so may "evidence deliberate indifference to serious medical needs". *Johnson v. United States*, 816 F. Supp. 1519, 1522 (N.D. Ala. 1993) (quoting *Lareau v. Manson,* 651 F.2d 96, 109 (2d Cir.1981) (citation omitted)); *Hernandez v. Cty. of Monterey*, 110 F. Supp. 3d 929, 942 n.81 (N.D. Cal. 2015) (collecting cases) (failure to adequately screen for tuberculosis creates "an excessive risk of harm to all inmates as well as other community members."). Accordingly, the motion to strike is DENIED as to these allegations (doc. 52, doc. 52, ¶¶ 54, 173).

[7] Plaintiff filed two motions to supplement the amended complaint (docs. 62, 70).  He attached affidavits, statements, and petitions signed by numerous male and female detainees or prisoners regarding their jail conditions, incidents involving correctional officers, and medical care.

should not be attached to the amended complaint to be filed on or before January 14, 2019. *See* Fed. R. Civ. P. 12(f) (providing that the Court may strike immaterial portions of a complaint).[8]

Plaintiff's second motion to supplement (doc. 70) is DENIED in part and GRANTED in part. Plaintiff may supplement his complaint with his statement, to the extent that his statement relates to claims regarding his medical care (doc. 70, p. 6-10). The remaining affidavits, statements and petitions of all detainees or inmates attached thereto should not be attached to the amended complaint to be filed on or before January 14, 2019.

### b. Sergeant Woodard, Sergeant Rowe, Corrections Officer Burrell and Corrections Officer Greene

Plaintiff alleges that Defendant Woodard (Woodruff) was the male correctional officer who pulled a female inmate out of the shower (doc. 52, ¶ 25, ¶ 39). He alleges that Defendant Rowe is "a correctional officer who routinely puts money on female prisoner books in return for sexual favors upon their release" (doc. 52, ¶ 26). He alleges that Defendant Burrell is "a female correctional officer who severely beat a deaf female inmate…" and that Defendant Greene is "a female correctional officer who held" the deaf female inmate "while correctional officer Burell beat her[.]" (doc. 52, ¶ 27, ¶ 28, ¶ 47).

Plaintiff does not allege that these Defendants harmed or injured him. Therefore, he has failed to allege facts which if accepted as true, would "plausibly give rise to an entitlement to relief." *American Dental Association*, 605 F.3d at 1290. Since the amended complaint as to these Defendants would be subject to dismissal, allowing the amendment to add Woodard,

---

[8] With respect to the state law medical negligence claim (Count Three), Defendant NaphCare argues that certain affidavits or statements by other inmates or detainees regarding their instances of inadequate medical care are due to be stricken because Ala. Code § 6-5-551 provides that "other acts or omissions" involving other recipients of medical care by a defendant are inadmissible to prove the negligence of a defendant health care provider and are, therefore, irrelevant to a plaintiff's medical malpractice claim (doc. 72).

Rowe, Burrell, and Greene as Defendants would be futile. *Hatcher*, 2018 WL 4151171, at *2 ("'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile,' such as 'when the complaint as amended is still subject to dismissal'....") (citations omitted). Additionally, the alleged conduct of Woodard, Rowe, Burrell, and Greene was directed toward other detainees and inmates. The Court has determined that Plaintiff does not have standing to sue on behalf of the other detainees or inmates. Therefore, the motion for leave to amend to add these Defendants is DENIED.

c) Nurse Smith

Defendants argue that Plaintiff's motion for leave to amend should be denied with respect to Nurse Gale Smith. Defendants argue that Plaintiff failed to allege any specific act of wrongdoing by Smith with respect to Plaintiff's medical care, but instead Plaintiff makes only a conclusory allegation of harm.

Review of the proposed amended complaint confirms that Plaintiff did not allege any specific act or omission on the part of Smith. Plaintiff identifies Smith as an employee or former employee of NaphCare, alleges that she resigned as a result of Plaintiff's grievances, and then makes the conclusory statement that "the hostility and negligence exhibited by … Smith . . . in a medical program in which all detainees and prisoners are force to rely creates an atmosphere of disingenuous indifference." (Doc. 64, p. 8); (Doc. 52, ¶¶ 18, 31, 178, 198, 201).

The conclusory allegation that Smith showed "hostility and negligence" which "creates an atmosphere of disingenuous indifference" is not sufficient. Plaintiff has failed to plead facts from which a reasonable inference could be drawn that Smith is liable for negligence or deliberate indifference with respect to Plaintiff's medical treatment at the Metro Jail. Since the amended complaint as to Smith would be subject to dismissal, allowing the amendment to add

her as a Defendant would be futile.  Accordingly, Plaintiff's motion for leave to amend to add Smith as a defendant is DENIED.  *See Twombly,* 550 U.S. at 545 (plaintiff must allege facts sufficient to "raise a right to relief above the speculative level").

    d. <u>Claims of violations of the First, Fourth, Fifth, Eighth and Ninth Amendments.</u>

Defendants argue that allowing Plaintiff's claims pursuant to 42 U.S.C. § 1983 for violation of the First, Fourth, Fifth, Eighth and Ninth Amendments would be futile.  Defendants point out that Plaintiff claims that Defendants acted with deliberate indifferent to a serious medical need, which as a pretrial detainee is appropriately plead as a claim under the Fourteenth Amendment.

Review of Count One (doc. 52, p. 33-35) confirms Plaintiff's claims of violation of his rights under the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments.  However, Plaintiff alleges only that Defendants acted with deliberate indifference to his medical needs and deprived him of adequate medical care.[9]  Plaintiff alleges facts regarding the overall conditions of the Metro Jail and his grievances and complaints with respect to those conditions, but he did not raise any claims based on those allegations in a separate count. Incorporating by reference all 200 plus preceding paragraphs of factual allegations and leaving the reader to discern which allegations raise a claim under which constitutional amendment is not sufficient to state a claim for relief. *See Weiland*, 792 F.3d at 1320 ("The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can

---

[9] As a pretrial detainee, Plaintiff's allegations of inadequate medical care brought pursuant 42 U.S.C. § 1983 are claims under the "Fourteenth Amendment rather than the Eighth Amendment." *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017) (citations omitted).

determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.").[10]  Accordingly, Plaintiff's motion for leave to amend to raise claims of violations of the First, Fourth, Fifth, Eighth or Ninth Amendments is DENIED as futile.

    e) Count Two – Equal Protection

In the amended complaint, Plaintiff alleges deprivation of his "right of equal protection under the U.S. Constitution in that the provision of medical care at the Metro Jail … was dispensed on race" (doc. 52, ¶ 220). Plaintiff did not identify himself as white, but quotes certain Metro Jail officers as referring to him as "white boy" (doc. 52, p. 16, ¶ 90, ¶ 128).

Defendants[11] argue that allowing Plaintiff to amend his complaint to add this Equal Protection claim would be futile because he has failed to designate any similarly situated non-white comparators.  Defendants argue that without comparators, the Court cannot determine whether Plaintiff has experienced a disparate impact or whether the governmental action was motivated by an unlawful discriminatory intent.

The Fourteenth Amendment, in relevant part, provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. [12]

---

[10] "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence. . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

[11] Sheriff Cochran, Warden Oliver, Lt. Wilcox, Sgt. Kennington, and Corrections Officer Durgan adopt Defendant NaphCare's arguments by reference (doc. 66, p. 4).

[12] In *Bell v. Wolfish*, the Supreme Court held that "pretrial detainees who have not been convicted of any crimes, retained at least those constitutional rights that . . . are enjoyed by convicted prisoners", which includes protection from race discrimination under the Equal Protection Clause of the Fourteenth Amendment.  441 U.S. 510, 545 (1979).

To establish an equal protection claim based on race, Plaintiff "must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race . . .[.]" *Holt v. Givens*, - - - 11th Cir. - - -, 2018 WL 6566861, at *6 (11th Cir. Dec. 12, 2018) (quoting *Sweet v. Secretary, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006), cert. denied, 550 U. S. 922 (2007)). However, review of the amended complaint shows that Plaintiff did not meet the first part of the test. He did not identify nor even allege that any similarly situated non-white pretrial detainees received more favorable treatment with respect to the provision of medical care at the Metro Jail.[13] Therefore, Plaintiff's motion for leave to amend his complaint to add Count II, alleging an Equal Protection claim, is DENIED as futile.

    f) <u>Count Four - Spoliation</u>

To the extent that Plaintiff moves the Court for leave to amend his complaint to add a claim for spoliation of evidence, the motion is denied. Allowing this claim would be futile because it could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. Under Alabama law, there is no independent cause of action or ground for relief for the destruction of evidence. Instead, spoliation is an evidentiary issue. *See Cole v. Owners Ins. Co.,* 326 F. Supp. 3d 1307, 1328 (N.D. Ala. 2018) (dismissing claim upon finding that

---

[13] Plaintiff did not specifically allege that race was a factor with respect to medical care. He alleges generally that "Black inmates are simply being treated differently than are their white counterparts, often receiving preferential treatment in cell assignments, mattresses, shower privileges, commissary privileges, phone privileges, visitations, and fewer restrictions in general i.e. being placed in the "hole". This violation of equal protection requires strict scrutiny." (Doc. 52, ¶ 51). Plaintiff also alleged that "[o]ne must be placed on the 'mattress list' and who ultimately gets a mattress and when is totally discretionary with the Correction Officers, often depending upon the race, age, appearance, and attitude of the new inmate." (Doc. 52, ¶ 42). He also alleged that qualifying "for a lower floor cell or bunk does not necessarily mean that [the inmate] will get one. The inmate's race and attitude are at the top of the informal list for selection by the Correctional Officers who are charged with assigning the cells." (Doc. 52, ¶ 57).

"spoliation is not an independent cause of action in Alabama."); *Curtis v. City of Tuscaloosa*, 2009 WL 10703089, at *11 (N.D. Ala. Mar. 30, 2009) (dismissing claim upon finding that "[s]poliation is an evidentiary issue, but it does not give rise to an independent action or basis for relief.").

    C. Conclusion

    For the reasons set forth herein, the motion is **GRANTED in part and DENIED in part.** Accordingly, **Plaintiff shall file on or before January 14, 2019, an Amended Complaint which conforms with this Court's order**. Defendants shall file their answer or other response, on or before **January 28, 2019.** The newly added Defendants shall file their answer or other response in accord with S.D. Ala. Local Rule 15(c) ("The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.") and Fed. R. Civ. P. 12(a) (setting the time period within which to file an answer or other response).

    **DONE** and **ORDERED** this 3rd day of January 2019.

                                                s / Kristi K DuBose
                                               **KRISTI K. DuBOSE**
                                               **CHIEF UNITED STATES DISTRICT JUDGE**