# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS ANDRE HAULCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-00030-KD-N |
| ) | |
| SAM COCHRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on Plaintiff Nicholas Andre Haulcomb's fourth amended complaint, the motion to dismiss filed by Defendant Naphcare, Inc., and the motion to dismiss filed by Defendant Sam Cochran, *et al.*, (docs. 86, 87, 88). Upon consideration, the motions to dismiss are GRANTED and this action is **dismissed without prejudice** for failure to comply with the orders of this Court.

I. Background

Plaintiff filed his *pro se* complaint on January 24, 2018 (doc. 1). He moved to amend to correct certain names and various errors in the original complaint (doc. 4). The motion was granted and his complaint was deemed first amended (doc. 12). On September 5, 2018, Plaintiff filed a *pro se* motion for leave to amend the complaint (doc. 46). The motion was stricken because Plaintiff was represented by counsel (doc. 48). Plaintiff then filed a second amended complaint (doc. 52) which was stricken because he had not filed a motion for leave to amend (doc. 54).

On October 29, 2018, Plaintiff filed a motion for leave to amend, motion to supplement the record, and second motion to supplement (docs 57, 62, 70). Defendants opposed the motions (64, 66, 72). The motion for leave to amend was granted in part and denied in part and Plaintiff was

ordered to file a third amended complaint "which conforms with this Court's Order" (doc. 73). In addition to denying Plaintiff leave to amend to add certain claims, counts, and Defendants, the Court also stated as follows:

> Defendants argue that the proposed amended complaint is an impermissible shotgun pleading and leave to amend should be denied on that basis. They assert that Plaintiff did not allege what specific conduct supports each claim and did not allege how each defendant is responsible for the alleged constitutional violations or medical negligence. Defendants point out that Plaintiff makes it impossible to determine which allegations are directed to which claim because he incorporates by reference all 200 plus preceding paragraphs, into each count, as well as incorporating each count into the next. Defendants also point out that many paragraphs contain irrelevant allegations and legal arguments that are inappropriate in a complaint.
>
> The Middle District of Alabama recently explained the types of shotgun pleadings, as follows:
>
>> A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must also "state [the plaintiff's] claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).
>>
>>> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.
>>
>> *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also [Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))] (holding that the purpose of Rule 8(a)(2) is to "give the defendant

> fair notice of what the claim is and the grounds upon which it rests" [. . . ]).
>
> "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,' " and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief"; and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321.
>
> *Zaunich v. Hankook Tire America Corporation*, 2018 WL 6709466, at *2 (M.D. Ala. Dec. 20, 2018) (slip copy).
>
> Despite the fact that the amended complaint is a disfavored shotgun pleading, the Court finds that denying the motion for leave to amend on this basis is not appropriate at this time. The Court has denied in part Plaintiff's motion for leave to amend his complaint and ordered Plaintiff to file an amended complaint which will conform to this order. Having brought the inappropriateness of shotgun pleading to Plaintiff's counsel's attention, the Court expects that Plaintiff's amended complaint will not fall under any of the four types of shotgun pleadings.

(Doc. 73, p. 6-7).

Plaintiff then filed his third amended complaint (doc. 74). The complaint was stricken for failure to comply with the Court's order and Plaintiff was given another opportunity to file a fourth amended complaint that complied (doc. 83). The Court pointed out that Plaintiff had included

3

certain defendants, claims, and counts as to which the Court had denied leave to amend.[1]  Also, the Court stated as follows:

> The Court also brought to Plaintiff's counsel's attention the inappropriateness of shotgun pleading (doc. 73, p. 7). However, the amended complaint is again a shotgun pleading, and therefore, does not comply with the Court's order.

(Doc. 83). Plaintiff then filed his fourth amended complaint (doc. 86).

II. <u>Analysis</u>

Defendants move to dismiss with prejudice Plaintiff's fourth amended complaint, in part, on basis that he failed to comply with this Court's orders by filing impermissible shotgun complaints that do not comply with the Court's orders or the fundamental pleading requirements of Rule 8 (doc. 87-1, p. 4-8; doc. 88). Defendants point out that Plaintiff's fourth amended complaint consists of 138 factual allegations (paragraphs 24 to 161) which are re-alleged and incorporated by reference into each of the two counts - Section 1983 and medical neglect - against fourteen defendants, but without distinguishing "which allegations support each count or which allegations apply to each defendant for that particular count." (Id., p. 5). Defendants argue that as a result, discerning exactly what Plaintiff alleges against Naphcare and the nurses as opposed to the correctional officers is exceedingly difficult and leaves them to guess what applies (Id., p. 6).

Although partially complying with the Court's most recent order,[2] the fourth amended complaint is still an impermissible shotgun pleading. Specifically, Plaintiff incorporates by

---

[1] "The Court denied leave to amend as follows:  a) Claims on behalf of other detainees and the factual allegations related to those claims;  b) Claims against Sergeant Woodard, Sergeant Rowe, Corrections Officer Burrell, Corrections Officer Greene, and Nurse Gale Smith, and the factual allegations related to those claims; c) Claims of violations of the First, Fourth, Fifth, Eighth and Ninth Amendments; d) Count II alleging an Equal Protection claim under the Fourteenth Amendment; e) Count IV alleging a claim for spoliation of evidence." (Doc. 83).

[2] Plaintiff eliminated the claims, constitutional claims, defendants, and Counts II and IV.

reference all prior paragraphs into each count. With respect to Count I: "(162) The Plaintiff realleges each allegation contained in the preceding paragraphs as if fully set out herein and incorporates the allegations into the claims of the Count." (doc. 86, p. 23). With respect to Count II: "(173) The Plaintiff realleges each allegation contained in the preceding paragraphs as if fully set out herein." (Id., p. 25) (Count II).

Additionally, the allegations within the Counts are against "Defendants" and their agents, assigns and employees (Id., ¶¶ (163-172, Count I; ¶¶ 173-176, Count II). Thus, Plaintiff leaves to the Defendants and the Court the task of sorting out what facts apply to which defendant as to which claim. For example, in Count I, Plaintiff alleges that "The Defendants, their agents and employees of both Naph Care Inc., Incorporated and the Metro Jail of Mobile County, Alabama, with knowledge of the Plaintiff's medical needs, exhibited deliberate indifference in such a way as to deprive the Plaintiff of the necessary and adequate medical care required thus further endangering the Plaintiff's health and well-being." (Id., ¶ 163). Thus, the Court would have to sort through the 161 incorporated by reference paragraphs to determine what each of the fourteen defendants did that "exhibited deliberate indifference" toward Plaintiff.

In Count II, Plaintiff alleges that "The Defendants, both Naph Care Inc.'s and the Mobile County Metro Jail's acts and omissions, as noted above, were the result of the neglect, carelessness and/or unskillfulness of the Defendants." (Doc. 86, ¶ 174). Thus, the Court would have to sort through the 172 incorporated by reference paragraphs to determine what "acts or omissions" were committed by each of the fourteen defendants. *Zaunich,* 2018 WL 6709466, at *2 (stating that complaints which violate Rule 8(a)(2) or Rule 10(b) include those which "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").

5

The fourth amended complaint also contains "conclusory, vague, and immaterial facts that are not obviously connected to any particular cause of action." *Zaunich,* 2018 WL 6709466, at *2. In Count I, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges claims related to his medical needs, care, and treatment. In Count II, he alleges claims related to Defendant's neglect, carelessness and/or unskillfulness that resulted in permanent disfigurement of his leg and related damages. However, Plaintiff alleges the following:

> (24) On June 25, 2017 the Plaintiff was booked into the Mobile County Metro Jail on two counts of Robbery in the First Degree, Shooting into an Occupied Dwelling, Unlawful imprisonment, and a hold by the Department of Corrections in Missouri. Upon admission to the Metro Jail, the Plaintiff was seen by a medical intake nurse who, while asking him a series of questions concerning his past medical history, did not contemporaneously perform any screening tests for communicable diseases. Morales Feliciano v. Rossello Gonzales, 13 F.Supp. 2d 151, 210 (D.P.R 1998) (failure to screen incoming inmates for infectious disease including tuberculosis is unconstitutional). . . .
> . . .
>
> (124) A federal detainee Jose Finajeros, who the Plaintiff knew, was placed in an adjoining cell to the Plaintiff's cell for a month without ever being tested for tuberculosis.
>
> (96) On December 31, 2017 The Plaintiff attempts to mail his clearly marked legal mail to a lawyer. Correction Officer Loper reads the Plaintiff's mail out loud in front of him and when he complains she responds to his complaining with: "excuse you, I know my job and we need to know what s*** you be putting out there now." *Denius v. Dunlap* 209 F.3d 944, 954 (7th. Cir. 2000) "The right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition…[T]he state cannot impede an individual's ability to consult with counsel on legal matters… Furthermore, the right to obtain legal advice does not depend on the purpose for which the advice was sought… In sum the First Amendment protects the right of an individual or group to consult with an attorney". *See Also Morgan v. Nevada Board of State Prison Commissioners* 593 F.Supp. 621, 624 (Dist. Of Nevada 1984).
> . . .
>
> (100) On January 24, 2018 The Plaintiff has an attorney, Honorable Mr. Henry Brewster, visit him in the attorney visitation area. During this time Lieutenant Westry transported a known enemy of the Plaintiff, Mr. Arthur L. Bonner, into the Prisoner waiting area. But for the intervention of Sergeant Donna Davis, there would have been an altercation in which the Plaintiff, in both hand cuffs and leg cuffs

would have probably been severely injured again, as Mr. Bonner had no restraints. It was unclear whether Mr. Bonner was waiting to see an attorney, waiting to be taken back to his cell, or if he had any reason whatsoever for being there. It is the responsibility of the Correctional Officers to keep prisoners that have a history of bi-lateral antagonism and mutual violence toward each other separated.

(101) On January 24, 2018 the Plaintiff's pro se civil action complaint was presented to the United States District Court for the Southern District of Alabama. Detective Joshua Coleman also paid a visit to the Plaintiff's cell and presented him with three additional criminal complaints which one was allegedly committed on May 7, 2017; and the other two were allegedly committed June 25, 2017. The Plaintiff had already been thoroughly questioned by detectives and had neither been implicated nor charged with anyone of these additional offenses.

(Doc. 86, p. 6, 19, 15-16).

Overall, and importantly, the fourth amended complaint does not comply with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Nor does it comply with Rule 8(d)(1) which requires that "[e]ach allegation must be simple, concise, and direct" although "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). Thus, Plaintiff again filed an impermissible shotgun complaint that does not meet the purpose of these rules "to give [the fourteen Defendants] fair notice of what the claim is and the grounds upon which it rests." *Barone v. Wells Fargo Bank*, - - - Fed. Appx. - - -, 2018 WL 6444937, at *3 (11th Cir. Dec. 10, 2018) (citation omitted).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition, the "district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted). "In the case of a dismissal on shotgun-pleading grounds, [the Eleventh Circuit has] required district courts to sua sponte allow a litigant

7

one chance to remedy such deficiencies. But where a plaintiff is afforded that chance and fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Barone*, 2018 WL 6444937, at *3 (citations and internal quotations omitted); *Walters v. Sec., Florida Dept. of Corrs.*, 2018 WL 3773643, at *2 (11th Cir. Aug. 9, 2018) (unpublished) ("If the pleading is a shotgun pleading, a court should provide an opportunity to replead, with instructions.").

Plaintiff was afforded two opportunities, with instructions, to amend, but has failed to file an amended complaint that complies with this Court's orders. Defendants move for dismissal with prejudice. However, the Court does not find that Plaintiff has "engaged in a clear pattern of delay or willful contempt (contumacious conduct)" necessary to support dismissal with prejudice. *Barone*, 2018 WL 6444937, at *3. Instead there are lesser sanctions that would suffice. *Id.* Specifically, dismissal without prejudice. Therefore, Defendants' motions to dismiss are granted and this action is dismissed without prejudice pursuant to Rule 41(b). Alternatively, the Court finds that dismissal without prejudice pursuant to the Court's inherent authority to manage the cases on its docket is appropriate.

III. Conclusion

For the reasons set forth herein, this action is **dismissed without prejudice** for Plaintiff's failure to comply with the orders of this Court.

**DONE** and **ORDERED** this 5th day of April 2019.

                                 s / Kristi K DuBose
                                 **KRISTI K. DuBOSE**
                                 **CHIEF UNITED STATES DISTRICT JUDGE**